IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the | ) | |
| Illinois Department of Human Rights, | ) | |
| and DANIEL W. HINES, | ) | |
| Comptroller of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff's Motion for Stay (d/e 20). Plaintiff seeks to delay his obligation to respond to Defendant Claps' pending Motion for Summary Judgment (d/e 18). Defendant Claps opposes a stay or a continuance. For the reasons set forth below, Plaintiff's Motion is allowed, in part, and denied, in part.

Plaintiff Joseph A. Sottoriva, an employee of the Illinois Department of Human Rights (the Department), filed the pending three-count Complaint (d/e 1) against Rocco J. Claps, Director of the Department, and Daniel W. Hynes, Comptroller of the State of Illinois, after money was

involuntarily withheld from his paychecks. In addition to his state employment, Plaintiff is also a member of the United States Army Reserve. He was called into active duty from January 17, 2003 to August 17, 2004. The underlying dispute arises from the Department's belief that Plaintiff was overpaid while on active duty and its attempts to recoup these alleged overpayments. In the fall of 2006, Plaintiff received orders to resume active duty effective November 8, 2006, and he has done so.

On November 8, 2006, Defendant Claps filed the pending Motion for Summary Judgment. On November 29, 2006, Plaintiff filed his Motion for Stay. Plaintiff asserts that a stay is appropriate pursuant to the Servicemembers Civil Relief Act of 1940, 50 App. U.S.C. § 522. Plaintiff further asserts that a continuance of his obligation to reply is appropriate under Fed. R. Civ. P. 56(f).

As an initial matter, the Court notes that Plaintiff's motion does not include information required under the Servicemembers Civil Relief Act. Plaintiff fails to identify a date by which he will be able to appear and he has not presented a letter from his "commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50

2

App. U.S.C. § 522(b)(2). Thus, the Court declines to stay the matter under the Servicemembers Civil Relief Act. Plaintiff's Rule 56(f) argument, however, is persuasive.

Under Rule 56(f),

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Throughout Claps' Motion for Summary Judgment, he asserts that union grievance proceedings provided Plaintiff with notice and opportunity to be heard pre-deprivation. Plaintiff's counsel has submitted an Affidavit in Support of Motion for Stay. Motion for Stay, Ex. B, Affidavit of Carl R. Draper. Counsel asserts that he has a good faith belief that Plaintiff will be able to establish that the Department did not provide Plaintiff with a hearing process that satisfies due process. Plaintiff expressly asserts that there is no record of the grievance proceedings upon which Claps relies in his Motion for Summary Judgment. The Court notes that the only evidence relating to the grievance proceedings that has been provided to the Court is an unsigned copy of what appears to be a grievance

3

and a resolution which appears to have been signed by representatives of Plaintiff's Union and the Department. <u>Motion for Summary Judgment</u>, Ex. 3 & 4.

The question of whether the process afforded Plaintiff is sufficient to satisfy due process is a fact dependant one, and one that is essential to the resolution of the summary judgment motion. It is reasonable for Plaintiff to seek to discover information relating to the proceedings that were provided, which would include the opportunity to depose persons involved in the proceedings, in order to respond to the pending summary judgment motion. Therefore, the Court allows Plaintiff's request for a continuance pursuant to Fed. R. Civ. P. 56(f). The Court, however, declines Plaintiff's request to continue generally his obligation to respond. The matter is referred to Magistrate Judge Byron Cudmore for a scheduling order, to include a scheduled date for Plaintiff to file his response to Defendant Claps' Motion for Summary Judgment.

THEREFORE, Plaintiff's Motion for Stay (d/e 20) is ALLOWED, in part, and DENIED, in part. Plaintiff's request for a stay is denied. Plaintiff's request for a continuance of his obligation to respond to the Motion for Summary Judgment to allow him to conduct discovery is

4

allowed. The matter is referred to Magistrate Judge Cudmore for preparation of a scheduling order, to include a scheduled date for Plaintiff to file his response to Defendant Claps' Motion for Summary Judgment.

IT IS THEREFORE SO ORDERED.

ENTER: December 21, 2006.

FOR THE COURT.

                                     s/Jeanne E. Scott
                                     JEANNE E. SCOTT
                           UNITED STATES DISTRICT JUDGE