IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the | ) | |
| Illinois Department of Human Rights, | ) | |
| and DANIEL W. HINES, | ) | |
| Comptroller of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants Rocco J. Claps and Daniel W. Hines' Objection (d/e 36) to a Text Order, entered July 2, 2007, by Magistrate Judge Byron Cudmore.  Plaintiff Joseph Sottoriva has filed a Memorandum of Law in Opposition to the Objection (d/e 38).  For the reasons set forth below, Defendants' Objection is overruled.

The July 2, 2007, Text Order, allowed, in part, and denied, in part, a Motion to Compel (d/e 32) filed by the Defendants.  In relevant part, the Text Order denied Defendants' request to compel Plaintiff to produce

1

documents requested in paragraphs two through six of Defendants' First Request to Produce.  <u>Motion to Compel</u>, Ex. 1, <u>Defendant's [sic] First Request to Produce</u>.  The requests to produce at issue sought the following documents for the time period from January 1, 2003, to the date of the request to produce: credit card statements, documents offered to any lender in order to procure a home loan or construction loan, loan and closing documents for any home loan or construction loan, documents offered to any lender to procure a vehicle loan, and loan documents relating to any vehicle loan.  Judge Cudmore determined that these requests were not relevant to the theories pled by Plaintiff in the instant case.  Defendants filed a timely Objection pursuant to Federal Rule of Civil Procedure 72(a).

Under Federal Rule of Civil Procedure 72(a):

> A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter. Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.

2

Under this Court's Local Rule 72.1, a magistrate judge is authorized to "hear and determine any non-dispositive pretrial motion pursuant to 28 U.S.C. § 636(b)(1)(A)." As 28 U.S.C. § 636(b)(1)(A) makes clear, this Court may reconsider a magistrate judge's ruling on a non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Defendants bear the burden of showing that Judge Cudmore's ruling was clearly erroneous or contrary to law. Defendants assert that Judge Cudmore erroneously restricted discovery to information relating to the theories pled by the Plaintiff. In support of their argument, Defendants cite Federal Rule of Civil Procedure 26(b)(1), which states that, in general, parties may obtain discovery on any unprivileged matter "that is relevant to the claim or defense of any party." According to the Defendants, the information requested in paragraphs two through six of Defendants' First Request to Produce is relevant to their defense on the overpayment and damage calculation.

Defendants are correct in asserting that discovery extends to matters relevant to the defense of any party. Fed. R. Civ. P. 26(b)(1). Defendants, however, fail to show that the information requested in paragraphs two

3

through six of Defendants' First Request to Produce is either relevant to any defense or likely to lead to relevant evidence. Without elaboration, Defendants assert that the information is relevant to the overpayment and damage calculation. With respect to the overpayment calculation, it is undisputed that information relating to the wages that Plaintiff actually received from the State of Illinois and from the military and copies of Plaintiff's relevant tax returns have been provided in discovery. Defendants fail to explain how the documents sought would lead to other relevant information on this issue. Turning to the question of damages, Plaintiff is not seeking damages for any injury to his credit, nor does he assert that he was forced to borrow money as a result of Defendants' actions. Defendants fail to explain how the documents sought would lead to information relevant to the damage calculation. Thus, Defendants have failed to show that the information at issue is discoverable, and their Objection is overruled.

THEREFORE, Defendants Rocco J. Claps and Daniel W. Hines' Objection (d/e 36) to the Text Order, entered July 2, 2007, is OVERRULED.

IT IS THEREFORE SO ORDERED.

ENTER: October 16, 2007

    FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                UNITED STATES DISTRICT JUDGE