IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the | ) | |
| Illinois Department of Human Rights, | ) | |
| and DANIEL W. HINES, | ) | |
| Comptroller of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Reconsider (d/e 53).  Plaintiff Joseph Sottoriva is an employee of the Illinois Department of Human Rights (the Department) and also a member of the United States Army Reserve.  Defendant Rocco J. Claps is the Director of the Department, and Defendant Daniel W. Hynes is the Comptroller of the State of Illinois.[1]  Sottoriva was called to active military duty from January

---

[1] The Court notes that while the Complaint references Defendant Daniel Hines, the correct spelling of the Comptroller's name is Hynes.  For consistency, the Court will use the correct spelling throughout this Opinion.

17, 2003 to August 17, 2004. It is undisputed that Sottoriva was overpaid by the Department during his active military service. This case arises out of attempts by the Department to recoup the overpayment. For the reasons set forth below, the Motion to Reconsider is denied.

In an Opinion (d/e 52), dated March 26, 2008, this Court allowed in part and denied in part the parties' cross-motions for summary judgment. Specifically, on Count I, the Court held that the undisputed facts established that Plaintiff had received due process with respect to the determination that he owed $17,982.47 as of July 1, 2005, and granted summary judgment in favor of Defendants on Plaintiff's request for an injunction prohibiting Defendants from withholding up to this amount. However, the Court found that the undisputed facts established that Plaintiff received no due process with respect to the decision that he owed $24,105.03 rather than $17,982.47, and granted an injunction prohibiting Defendants from withholding any amount in excess of $17,982.47 without providing a further due process hearing.

On Count II, the Court entered partial summary judgment as to liability in favor of Plaintiff, against Defendant Claps in his individual capacity, based on the due process violation arising out of Claps' efforts to

recoup amounts exceeding $17,982.47 from the Plaintiff. Defendants seek reconsideration of this decision.

Defendants assert that Plaintiff received all of the process which was due, based on the Court's finding that the available union grievance procedure satisfies due process. The undisputed facts make clear that Plaintiff's obligation to repay $17,982.47 was resolved by the Pre-Arbitration Grievance Resolution. It is also clear that, as of August 30, 2005, the repayment plan set out the amount owing to the State as $24,105.03. According to Defendants, Plaintiff could have challenged the $24,105.03 calculation through the grievance process, but failed to do so. Defendants cite numerous cases for the well-established proposition that the existence of a grievance procedure may be sufficient to satisfy due process, even if the employee fails to avail himself of the available protections, and the Court recognized this proposition in its March 26, 2008, Opinion.

The instant case, however, is not one in which the Plaintiff simply refused to avail himself of available procedural protections. Plaintiff, through his Union, grieved the requirement that he repay $17,982.47, and the grievance was resolved as to Plaintiff's obligation to repay that amount. Relying on the grievance resolution, the Department proceeded to attempt

to recoup $24,105.03 from Plaintiff. No evidence was presented at summary judgment of any process that was afforded in the calculation of this higher amount, an amount with which Plaintiff clearly disagreed. While Defendants assert that Plaintiff could have challenged the higher amount by filing another grievance, the undisputed evidence reveals that, after the payment plan was presented, the chief legal counsel for the Department informed Plaintiff's counsel, by letter dated September 13, 2005, that "the Department is in no position to compromise, settle or negotiate the amount owed by Joe Sottoriva." <u>Plaintiff's Response to Motion for Summary Judgment (d/e 28)</u>, Attachment 2, p. 22. Plaintiff challenged the offset through the Comptroller's established procedures. Eventually, the Comptroller's Office indicated concern about the adequacy of proceedings held to establish the amount of Plaintiff's debt and refused to continue the requested offset. At that point, the Department, with Claps' approval, circumvented the Comptroller's procedures and began to recoup the $24,105.03 debt by certifying a lower base pay for Sottoriva to the Comptroller's Office. At summary judgment, Defendants did not dispute that the Comptroller has no procedure for dealing with any protest by a state employee in the event that an employee claimed that he had been

4

paid the wrong base pay on a paycheck. Thus, the undisputed facts demonstrate the absence of any meaningful opportunity for Plaintiff to be heard in opposition to the determination that he owed $24,105.03 rather than $17,982.47. The Court declines to reconsider its decision that Plaintiff received due process with respect to the determination that $17,982.47 was owed, but that due process was not afforded with respect to the determination that $24,105.03 was owed.

Defendant Claps asserts that Plaintiff has not suffered a violation of his due process rights or a compensable injury because Claps did not withhold an amount in excess of $17,982.47. Compensable injury is not a required element of a due process claim; "a person whose rights under the due process clause have been violated receives nominal damages if he cannot show out-of-pocket loss or other concrete injury." Gates v. Towery, 430 F.3d 429, 431 (7th Cir. 2005). Plaintiff suffered a due process violation when the Department set the amount of his debt at $24,105.03 and Claps took steps to collect that amount, without affording Plaintiff a meaningful opportunity to challenge the determination that increased the amount owed above the $17,982.47 amount that was resolved in the union grievance proceeding. The Court notes that, after this lawsuit was filed and in the

face of a pending request for a preliminary injunction, Defendant Claps voluntarily agreed not to withhold from Sottoriva's wages any amounts in repayment of the challenged overpayment during the pendency of this action. But for this agreement, withholding would have continued at the rate designed to recover $24,105.03. The fact that Claps had not withheld an amount in excess of $17,982.47 goes to the extent of Plaintiff's damages; however, given the record at summary judgment, the Court cannot say that Plaintiff could not receive any compensatory damages. Claps' request for reconsideration on this issue is denied.

Finally, Defendant Claps challenges the Court's decision to deny him qualified immunity on Count II, Plaintiff's claim for money damages, arguing that the law was not clearly established at the time of the due process violation. The Court remains convinced that the series of Seventh Circuit and Northern District of Illinois cases in the matter of <u>Toney v. Burris</u> defeats Claps' claim of qualified immunity. See e.g., <u>Toney v. Burris</u>, 881 F.2d 450, 453-54 (7th Cir. 1989); <u>Toney v. Burris</u>, 699 F.Supp. 687, 690-91 (N.D. Ill. 1988). After the <u>Toney</u> litigation, a reasonable state official would know that Sottoriva was entitled to at least one opportunity for notice and an opportunity to be heard before his wages were subject to

6

offset. The record demonstrates that Plaintiff received the requisite notice and an opportunity to be heard on the determination that he owed $17,982.47. As discussed previously, the record is devoid of evidence of any meaningful opportunity for Plaintiff to be heard in opposition to the determination that he owed $24,105.03. Moreover, as the Court has previously noted, Claps circumvented the same Comptroller's procedures that the Northern District of Illinois had approved as a vehicle to ensure that any debt owed to a state agency must be established through notice and an opportunity to be heard. Toney v. Burris, 1990 WL 91451 (N.D. Ill. June 25, 1990). Under all of the circumstances of the instant case, a reasonable state official would have known that it was unconstitutional to certify the lesser pay amount for Sottoriva in order to collect the debt without regard to the Comptroller's procedural protections. Claps' request for reconsideration of this issue is denied.

THEREFORE, for the reasons set forth above, Defendants' Motion to Reconsider (d/e 53) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: May 8, 2008

FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                JEANNE E. SCOTT
                                    UNITED STATES DISTRICT JUDGE