STATE OF ILLINOIS          )
                           ) S.S.
COUNTY OF SANGAMON         )

## AFFIDAVIT

I, Carl R. Draper, being first duly sworn on oath, state that I am an attorney licensed to practice law in the State of Illinois. I also affirm that the following matters set forth in this affidavit are based solely on my personal knowledge and are true and correct.

1. I am an attorney licensed to practice law in the State of Illinois since May 1, 1981 and licensed in the United States District Court for the Central and Southern Districts of Illinois, as well as the Seventh Circuit Court of Appeals. I have tried or appealed cases in all levels of these courts.

2. I have been engaged in the private practice of law in Sangamon County since September, 1987.

3. I served as an assistant attorney general for the State of Illinois from September, 1982 until November, 1984. During that time, I served in the General Law division and was responsible for, among other things, government representation in civil rights matters, and representation of State officials in class action litigation, as well as litigation involving tort claims, administrative law issues, and employment law claims against public officials.

4. For the past 10 years, I have practiced law with a focus on civil rights and the rights of employees of the State of Illinois. I have developed expertise in matters involving State employees that few other attorneys outside of Cook County have developed.

5. There are only 3 – 5 law firms within a 60 mile radius of this court willing and able to handle litigation of the kind at issue herein.

6. I presently serve on the Local Rules Committee of the Central District of Illinois.

7. I have over the past 15 years been a speaker or writer of materials for continuing legal education on the civil practice topics of my practice.

8. There are few lawyers in Sangamon County or the surrounding counties practicing in the area of employment law, civil rights actions, administrative law or complex litigation on behalf of individuals against businesses or governmental agencies or officials.

9. Based upon my experience in these areas of law there are fewer lawyers willing to accept cases involving claims for individuals in federal courts than there were prior to 1990.

10. The market rate for paralegal services is $50 to $100 per hour and $75 is, in my opinion, the appropriate rate in central Illinois communities like Springfield, Peoria, Bloomington and Urbana.

11. The market rate for law clerk services is $50 to $100 per hour and $75 is, in my opinion, the appropriate rate in central Illinois communities like Springfield, Peoria, Bloomington and Urbana.

12. For the kind of case at issue herein, typically my firm will not accept cases on a strictly contingent fee basis due to the difficulty and complexity of preparing these cases. Typically, employers do not believe that the size of damage awards

is significant enough to encourage settlement at early stages of litigation, and as a consequence, these cases must be initiated with a belief that they will proceed completely through trial. It is my opinion that this affects the willingness of lawyers in Central Illinois to accept such cases and a reason why the attorney's fees that are required for these cases will tend to be large.

13. I receive on average 10 or more phone calls each week from prospective clients with claims of unlawful discrimination or civil rights violations arising from employment with governmental bodies. On average, I have time for and allow only 1 of these calls to have an appointment to review possible representation. In all of these calls, the potential clients express the difficulties they have in finding any attorney in central or southern Illinois who is willing to provide representation for these types of cases. I receive calls from not only central Illinois, but Chicago, Rockford, Rock Island, Carbondale, Mt. Vernon and Marion from individuals who cannot find lawyers who work in the fields of civil rights and employment discrimination.

14. In my experience, litigation with government bodies is made especially difficult by the number of motions filed, the various immunities that apply to governmental bodies or officials and difficulty in obtaining cooperation for discovery or pre-trial preparation. It is my opinion that some of the difficulty arises as well from the fact that the government officials pay their attorney fees from public funds and do not have the same business attitude about litigation that individuals or private businesses have.

15. In the present matter, most of the discovery and motion practice was necessitated by the actions of the defendants and the numerous motions filed by them to avoid any ruling granting plaintiff the injunctive relief he sought.

16. The time expended could have been avoided by the defendants if they had offered any hearing as sought in the Complaint. Throughout the entire time that this case remained pending in court, the defendants never offered any hearing on the amount of overpayment claimed by the State against plaintiff.

17. The services performed on this case and expenses are accurately listed in the exhibit showing the same and the entries thereon were made contemporaneously with the items listed.

Further affiant sayeth naught.

_____
Carl R. Draper

Subscribed and sworn to before me
on June 11, 2008

_____
Notary Public

OFFICIAL SEAL
SHANNON McMAHILL
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1-31-2012