STATE OF ILLINOIS )
) S.S.
COUNTY OF SANGAMON )

## AFFIDAVIT

Charles S. Watson, being first duly sworn on oath, states that he is an attorney licensed to practice law in the State of Illinois. He further states that the following matters set forth in this affidavit are based solely on his personal knowledge and are true and correct. He further states as follows:

1. I am an attorney licensed to practice law in the State of Illinois since November 9, 1983 and licensed in the United States District Court for the Northern (trial bar), Central and Southern Districts of Illinois, as well as the Fifth and Seventh Circuit Court of Appeals. I have tried or appealed cases in all of these courts. I am now a solo practitioner with an office in Springfield, Illinois.

2. I served as an assistant attorney general for the State of Illinois from May, 1985 until February, 1991. During that time, I served in the General Law division, becoming the Deputy Chief of the division, and was responsible for, among other things, government representation in civil rights matters, and representation of State officials involving tort claims, administrative law issues, and employment law claims.

3. I have been engaged in the private practice of law in Sangamon County since February, 1991, with my practice largely concentrated the area of employment litigation.

4. I presently serve on the Local Rules Committee of the Central District of Illinois.

5. I have over the past 15 years been a speaker or writer of materials for continuing legal education on the civil practice topics of my practice.

6. There are few lawyers in Sangamon County or central Illinois practicing in the area of employment law, civil rights actions, administrative law or complex litigation on behalf of individuals against businesses or governmental agencies or officials; and even fewer are willing to practice in the federal courts

7. I have been familiar with the legal skills of Carl Draper since the late 1980's having had the opportunity to observe his practice, and having been associated with his law firm between 1991 and 1996. I am of the opinion that he prepares very carefully, and his knowledge and analysis of legal issues is far greater than average. He is a strong advocate for his clients and his skill and willingness to advocate in novel areas of the law are unique among other Illinois attorneys. His skill and experience supports billing rates in a substantial excess of the normal hourly fee of other attorneys practicing in federal courts in this area.

8. Carl Draper's knowledge, analytical abilities and general skills support billing rates of more than $250 per hour for the federal litigation styled *Sattoriva v. Claps*, CDIL 06-3118. I am familiar with the case generally and have reviewed the March 26, 2008 Opinion.

9. For the kind of case at issue herein, typically I will not accept cases on a strictly contingent fee basis due to the difficulty and complexity of preparing these cases. For many reasons, case such as the *Sattoriva* case must be initiated with a belief that they will proceed completely through trial. It is my opinion that this

affects the willingness of lawyers in Central Illinois to accept such cases and a reason why the attorney's fees that are required for these cases will tend to be large.

10. I receive on average 3 or more phone calls each day from prospective clients with claims of unlawful discrimination or civil rights violations arising from employment. I receive calls from not only central Illinois, but Chicago, Rockford, Rock Island, Carbondale, Mt. Vernon and Marion, as well as St. Louis, MO, Des Moines IA, and even a few from individuals on the east and west coasts, and from individuals who cannot find lawyers who work in the fields of civil rights and employment discrimination.

11. In many of these calls, the potential clients express the difficulties they have in finding any attorney in central or southern Illinois who is willing to provide representation for these types of cases. This is especially true in cases involving governmental defendants.

12. In my experience, litigation with government bodies is made especially difficult by the number of motions filed, the various immunities that apply to governmental bodies or officials and difficulty in obtaining cooperation for discovery or pre-trial preparation. Often times, employment and civil rights cases involving the State of Illinois are seen by the defendants and their counsel as involving matters "beyond" the scope of mere employment law and are therefore litigated without consideration of costs. I also believe that because government

officials do not pay their attorneys fees they do not have the same business attitude about litigation that individuals or private businesses have.

13. Because of the complexity of the issues and facts in the present litigation, it is my opinion that it would be reasonable to award a multiplier to the hourly fee award after taking into consideration the complexity of the case, the risks of litigation.

Charles S. Watson

Subscribed and sworn to before me on June 10, 2008

Notary Public

OFFICIAL SEAL
PENNY R. GRAPENGETER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-11-2010