IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the Illinois Department of Human Rights, and DANIEL W. HINES, Comptroller of the State of Illinois, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

<u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendants' Motion to Strike; or, in the Alternative, for Leave to Conduct Limited Discovery and for an Enlargement of Time (d/e 64). Plaintiff has filed a Motion for Attorneys Fees and Costs (d/e 61), pursuant to 42 U.S.C. § 1988, which is accompanied by three Affidavits and Attorney Draper's fee report. Defendants ask the Court to strike the fee petition and the Affidavits. In the alternative, Defendants seek limited additional discovery and an enlargement of time to respond to the fee petition. For the reasons set forth

1

below, the requests to strike are denied, and the Court reserves ruling on the question of discovery pending supplemental filing by Defendants.

Defendants ask the Court to strike the fee petition in full because Plaintiff did not disclose, pursuant to Federal Rule of Civil Procedure 26, that he was pursuing attorney's fees as a category of damages or the hourly rate he was seeking.  An award of attorney's fees pursuant to 42 U.S.C. § 1988, however, is not an element of damages that must be disclosed under Rule 26.  Moreover, the Defendants clearly had notice of Plaintiff's intent to petition for attorney's fees.  Each count of Plaintiff's Complaint (d/e 1) expressly requests an award of attorney's fees in addition to other relief.  Defendants' request to strike Plaintiff's fee petition is denied.

Defendants' request to strike the Affidavits accompanying the fee petition is equally unavailing.  In support of his fee petition, Plaintiff has tendered Affidavits from Attorney Draper and from two other attorneys who practice in this district.  Defendants ask the Court to strike these Affidavits based on the fact that none of these individuals were disclosed pursuant to Rule 26.  Again, these witnesses, who relate solely to the question of attorney's fees under 42 U.S.C. § 1988, do not fall within the scope of Rule 26.  Defendants' request to strike the Affidavits is denied.

In the alternative, Defendants seek "limited discovery on the non-disclosed information" and an enlargement of time to respond to the fee petition.  <u>Defendants' Motion to Strike; or, in the Alternative, for Leave to Conduct Limited Discovery and for an Enlargement of Time</u>, p. 2.  It is not readily apparent to the Court that discovery is necessary, and Defendants' Motion contains little explanation.  Counsel for Defendants is directed to file a supplement to the Motion, on or before October 31, 2008, informing the Court what type of additional discovery they are seeking and stating with greater particularity the reasons this discovery is necessary.  The Court reserves ruling on the discovery issue until that time.

THEREFORE, for the reasons set forth above, Defendants' Motion to Strike; or, in the Alternative, for Leave to Conduct Limited Discovery and for an Enlargement of Time (d/e 64) is DENIED, in part.  Defendants' requests to strike the fee petition as a whole and the Affidavits supporting it are denied.  The Court reserves ruling on the question of additional limited discovery on the issue of attorney's fees.  Defendants are directed to supplement their Motion as set forth above on or before October 31, 2008. IT IS THEREFORE SO ORDERED.

ENTER: October 10, 2008

    FOR THE COURT:

                                                  s/ Jeanne E. Scott
                                                  JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE