IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH A. SOTTORIVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No.  06-3118 |
| ) | |
| ROCCO J. CLAPS, Director of the ) | |
| Illinois Department of Human Rights, ) | |
| and, DANIEL W. HINES, ) | |
| Comptroller of the State of Illinois, ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL MEMORANDUM OR LAW IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY ON ISSUE OF ATTORNEY'S FEES**

Now come defendants, DANIEL W. HYNES, Comptroller of the State of Illinois, and ROCCO J. CLAPS, Director of the Department of Human Rights of the State of Illinois, by their counsel, Lisa Madigan, Attorney General for the State of Illinois, and pursuant to the Opinion filed on October 10, 2008 (Document #70) and Defendants' Motion to Strike; or in the Alternative, for Leave to Conduct Limited Discovery (Document #64) hereby submit this Supplemental Memorandum In Support of Motion for Leave To Conduct Limited Discovery on Issue of Attorney's Fees.  In support thereof, the following statements are made.

**ISSUE AND ARGUMENT**

**DISCOVERY IS NECESSARY TO DETERMINE WHAT THE APPROPRIATE RATE IS FOR ATTORNEY'S FEES**[1]

In the United States, pursuant to the "American Rule," the parties to a lawsuit

---

[1] Defendants do not concede that attorney's fees are appropriate in this case.  This argument will be addressed in the response to the fee petition.  However, as an alternative argument, if fees are appropriate, defendants have requested to do discovery limited to the rates charged by plaintiff's counsel.

generally are required to bear their own costs. *Buckhannon Board and Care Home, Inc. v. West Virginia,* 532 U.S. 598, 602 (2001). The courts should not award fees to a prevailing party absent explicit statutory authority. *Key Tronic Corp. v. United States,* 511 U.S. 809, 819 (1994). However, pursuant to 42 U.S.C. §1988, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." in an action brought pursuant to, *inter alia*, 42 U.S.C. §1983.

The amount of the award is determined by calculating a lodestar after looking to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003). The lodestar amount may then be revised in either direction upon consideration of a host of additional factors. *Hensley*, 461 U.S. at 430 n. 3.

When calculating an award of attorney's fees, "the reasonable hourly rate is to be derived from the market rate for the services rendered. [Citation omitted.] The attorney's actual billing rate for comparable work is "presumptively appropriate" to use as the market rate." *Denius*, 330 F.3d at 930. A particular attorney's market rate is his opportunity cost; that is, the rate the attorney could have received from a client whom he charged by the hour for the same type of work. *Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir. 1996). The court should look to the rate the attorney actually charges his paying clients, rather than what might be awarded when the attorney is being paid pursuant to a court order. *Barrow v. Falck*, 977 F.2d 1100, 1105 (7th Cir. 1992). In *Barrow* the appellate court held that a "reasonable" attorney's fee is the market rate for the attorney's time, and "the market rate

for legal time is the opportunity cost of that time, the income foregone by representing this plaintiff." *Barrow*, 977 F.2d at 1105. In any determination of the rate to be used for the attorney, the court should use the market rate. *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999). Those fees, however, are capped at the prevailing market rate in the community for comparable attorneys. *Cooper*, 97 F.3d at 920.

If the court is unable to determine an actual billing rate for plaintiffs' counsel, the court should look to the next best evidence of the market rate, which includes the rate charged by other attorneys in the area. *Uphoff*, 176 F.3d at 407; *McNabola v. Chicago Transit Authority,* 10 F.3d 501, 519 (7th Cir.1993)(the reasonable fee is capped at the prevailing market rate for lawyers engaged in the type of litigation in which the fee is being sought). While it is proper to look to the rates charged by other lawyers, this is to establish a cap upon the allowable rate set at the prevailing market rate. *Cooper v. Casey*, 97 F.3d 914, 920 (7th Cir. 1996). As explained by the court in *Cooper*,

> Suppose the best lawyer in the United States charges $1,000 an hour and is worth every cent of it. Only his practice has nothing to do with civil rights; he is, let us say, an antitrust trial lawyer. He is requested to represent an indigent civil rights plaintiff, and he does so, giving the case his best shot and, despite his inexperience in civil rights litigation, doing a superb job. Would he be entitled to an award of fees at the rate of $1,000 an hour? Not if the judge could have procured competent counsel for the plaintiff at a much lower rate. It is no more reasonable to pay a lawyer $1,000 an hour for services that can be obtained at $200 an hour than it is to pay $1,000 for an automobile hood ornament that you could buy elsewhere for $200. Judges have to be careful when they are spending other people's money.

*Cooper*, 97 F.3d at 920. Thus, plaintiff's counsel is presumptively entitled to the rate he would charge his paying clients, but no more than the prevailing market rate. *Id*. at 920.

Fee award determinations are inherently fact-intensive. *Robinson v. City of Harvey*, 489 F.3d 364, 372 (7th Cir. 2007). "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 407 (7th Cir.1999)[internal citations omitted].

In *LeTourneau v. Pan American Financial Services, Inc.*, 151 F.3d 1033 (1998), the appellate court held that the district court abused its discretion in awarding fees for an attorney who presented a self-serving affidavit that she believed she was entitled to a certain hourly rate. The defendants argued that plaintiff's counsel was required to present evidence of a billing rate, rather than request an hourly rate. The appellate court noted that plaintiff's counsel could not argue what was reasonable, if there was no evidence of the rate for counsel, whether it was the "opportunity rate" (*i.e.*, what she actually charged paying customers) or the prevailing market rate.

In this case, defendants seek information on the hourly rate that plaintiff's counsel charges his paying clients. Plaintiff's counsel has claimed that he currently charges $250 per hour, which may not have been his rate at the time that he performed work for the plaintiff in this case. The affidavit of plaintiff's counsel does not address what he charged paying clients or what they actually paid. Similarly, there is no signed agreement with his client that has been produced in this case or any indication of what plaintiff has actually paid.

Plaintiff's counsel stated in a letter dated October 15, 2008, that he did "not mind answering questions about billing rates...." *See* Exhibit A attached hereto. The undersigned sent a response letter indicating that the following information be provided by Monday, October 27, 2008:

> The hourly rate actually paid by Dawn DeFraties and Michael Casey in the Civil Service Commission and Circuit Court cases and the dates the services were rendered. In addition, please provide the names and dates of any, and all, clients that paid less than $250.00 per hour in the past five years; the rate the client paid; and the type of case. Also, if any client has been billed at a discounted rate, please provide the original billing rate; what the discounted rate was; and the dates charges were incurred. Further, please provide the names of all clients who paid you $250.00 per hour (when the fees were actually paid by the client); the date the services were rendered; and the type of case.

*See* Exhibit B. However, no information has been forthcoming. The information sought through discovery in the case at bar is the actual rates paid by clients who counsel represented in employment cases that plaintiff has handled at approximately the same time that he was involved in this case. Because fee determination awards are fact intensive and plaintiff has offered only affidavits of what he *charges*, rather than what clients actually *pay*, or what another attorney who is not in the same market as plaintiff's counsel, it is necessary to obtain the information in order to adequately respond to the fee petition. Since plaintiff's counsel has set forth some evidence of his rate, the burden shifts to defendants to argue that he may be entitled to a different rate. Because "[j]udges have to be careful when they are spending other people's money" (*Cooper,* 97 F.3d at 920), this Court should allow defendants, on behalf of the taxpayers, the opportunity to conduct limited discovery to address the issue of what the appropriate hourly rate may be for this case. This Court can then be properly advised of the evidence.

WHEREFORE for the above and foregoing reasons, defendants, Daniel W. Hynes and Rocco J. Claps, respectfully request that they be allowed to conduct discovery limited to the issue of what attorney's fees, if any, are reasonable in this case.

        Respectfully submitted,

        DANIEL W. HYNES, COMPTROLLER OF THE STATE OF ILLINOIS and ROCCO J. CLAPS,

            Defendants,

        LISA MADIGAN, Attorney General,
        State of Illinois,

            Attorney for Defendants

        By:  s/Karen L. McNaught
            Karen L. McNaught, #06200462
            Assistant Attorney General
            Attorney for Defendants

Office of the Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-1841
Facsimile:  (217) 524-5091
E-mail: kmcnaught@atg.state.il.us

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH A. SOTTORIVA, | ) |
| Plaintiff, | ) |
| -vs- | )  No. 06-3118 |
| ROCCO J. CLAPS, et al. | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2008, I presented the foregoing Supplemental Memorandum In Support of Motion for Leave To Conduct Limited Discovery on Issue of Attorney's Fees for filing and uploading to the CM/ECF system which will send notification of such filing to the following:

cdraper@feldwass.com

and I hereby certify that on October 31, 2008, I have mailed by United States Postal Service, the document to the following nonregistered participant:

None

Respectfully submitted,

s/Karen L. McNaught
Karen L. McNaught, #6200462
Assistant Attorney General
Attorney for Defendants
Office of the Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-1841
Facsimile: (217) 524-5091
E-mail: kmcnaught@atg.state.il.us