# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the | ) | |
| Illinois Department of Human Rights, | ) | |
| and DANIEL W. HINES, | ) | |
| Comptroller of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION</u>

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Plaintiff Joseph Sottoriva's Motion for Attorneys Fees and Costs (d/e 61) and his Supplemental Motion for Attorney's Fees and Costs (d/e 74) (Supplemental Petition).  Plaintiff seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988 and this Court's Local Rules.  Defendants ask the Court to deny Plaintiff's request for fees and costs.  In the alternative, Defendants ask the Court to reduce the billing rate and number of hours for which fees are awarded and to disallow certain claimed costs.  For the reasons set forth below, Plaintiff's Motion for

Attorneys Fees and Costs and Plaintiff's Supplemental Petition are allowed, in part, and denied, in part.

Plaintiff, an employee of the Illinois Department of Human Rights, filed a three-count Complaint (d/e 1) against Rocco J. Claps, the Director of the Department, and Daniel W. Hynes, the Comptroller of the State of Illinois, after money was involuntarily withheld from his paychecks in an attempt to recover a prior overpayment.  Plaintiff also filed a Motion for Preliminary Injunction (d/e 2), that was denied as moot after the parties entered into a Joint Stipulation (d/e 12) providing for the cessation of withholding of any amounts from Sottoriva's paycheck in repayment of the disputed debt until final resolution of the instant case.  <u>Text Order, dated July 11, 2006</u>.  In an Opinion (d/e 37), dated July 6, 2007, this Court entered partial summary judgment in favor of Claps on Sottoriva's Illinois State Finance Act Claim (Count III).  30 ILCS 105/1, <u>et seq.</u>

The matter proceeded through discovery, with two counts remaining as follows: (1) a request for an injunction prohibiting Claps and Hynes from withholding any wages or sums of money due Plaintiff, without due process of law (Count I) and (2) a due process claim for money damages against Claps (Count II).  The parties filed cross-motions for summary judgment.

In an Opinion (d/e 52), dated March 26, 2008, this Court determined that Sottoriva had received due process with respect to the decision that he owed $17,982.47 as of July 1, 2005. The parties' cross motions for summary judgment on Count I were both allowed in part and denied in part. The Court enjoined Defendants from withholding any amount in excess of $17,982.47 without providing a further due process hearing for Sottoriva. The Court refused to enjoin Defendants from withholding money from Sottoriva up to an amount of $17,982.47. The parties' requests for summary judgment as to Count II were allowed, in part. With respect to the determination that Sottoriva owed $24,105.03 rather than $17,982.47, partial summary judgment as to liability was entered in favor of Sottoriva and against Defendant Claps in his individual capacity. With respect to the determination that $17,982.47 was owed as of July 1, 2005, summary judgment was granted in favor of Defendants. The motions were denied in all other respects, and the matter proceeded to trial on the question of compensatory damages against Claps for the due process violation in setting the amount owed at $24,105.03, rather than $17,982.47, and for the related actions in withholding from Sottoriva's salary and certifying lesser pay amounts. On the day of trial, Plaintiff moved to withdraw his claim for

damages, and the Court allowed the motion.  <u>Minute Entry, dated May 28,</u>
<u>2008</u>.  Judgment was entered based on the Opinion (d/e 52), dated March
26, 2008.  <u>Id.</u>; <u>Judgment (d/e 60)</u>.

Plaintiff filed his Motion for Attorneys Fees and Costs on June 11,
2008.  Defendants filed a Notice of Appeal (d/e 62) on June 27, 2008.
Defendants requested limited discovery on the attorney fee issue, which this
Court allowed.  While the limited discovery was ongoing, Defendants
moved to dismiss their appeal.  Plaintiff filed his Supplemental Petition on
December 18, 2008.  Defendants have responded to both Motions, and the
issue of fees and costs is now ripe for determination.

A.    <u>ATTORNEY'S FEES</u>

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the
prevailing party, other than the United States, a reasonable attorney's fee
as part of the costs" in suits brought pursuant to 42 U.S.C. § 1983.  The
Seventh Circuit has instructed that "[i]t is well-established that 'prevailing
party' as used in federal fee-shifting statutes like § 1988 includes only those
parties that have achieved a 'judicially sanctioned change in the legal
relationship of the parties.'"  <u>Zessar v. Keith</u>, 536 F.3d 788, 795 (7th Cir.
2008) (<u>quoting</u> <u>Buckhannon Bd. and Care Home, Inc. v. West Virginia</u>

Dept. of Health and Human Resources, 532 U.S. 598, 605 (2001)).  Under Seventh Circuit precedent, "A party is considered prevailing for § 1988 purposes when the court enters final judgment in its favor on some portion of the merits of its claims."  Id.  In the instant case, Plaintiff secured judgment enjoining Defendants from withholding any amount in excess of $17,982.47 without providing a further due process hearing.  Thus, the Court finds Plaintiff to be a prevailing party for § 1988 purposes such that an award of attorney's fees is appropriate.

To determine the appropriate amount of fees, the Court must initially determine the reasonable hourly rate for the representation and the number of hours reasonably expended to perform the representation.  See Bankston v. State of Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995).  The Court must then consider the results obtained and whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for the fee award.  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Plaintiff seeks fees for work done by Attorney Carl Draper at a rate of $250.00 per hour and fees for work done by Attorney Marissa Spencer at a rate of $150.00 per hour.  Plaintiff seeks fees for work done by paralegals and law clerks at a rate of $75.00 per hour.  The Court must look to the

market to determine the appropriate hourly rate for these services.  The market rate is that rate that lawyers of similar abilities and experience in the community normally charge for the type of work in question.  <u>Stark v. PPM America, Inc.</u>, 354 F.3d 666, 674 (7th Cir. 2004).  The Seventh Circuit has instructed that "[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate."  <u>People Who Care v. Rockford Bd. of Educ.</u>, 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted).  However, if the Court is unable to determine the attorney's actual billing rate, then it should look to the next best evidence, including evidence of the rates that similarly experienced attorneys in the community charge paying clients for similar work.  <u>Id</u>.  The burden of proving the market rate is on the party seeking the fee award.  <u>Id</u>. at 1311.  Once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded.  <u>Id</u>. at 1313.

The Court turns first to Attorney Draper's rate.  Plaintiff proffers three Affidavits in support of his request for a rate of $250.00 per hour.  <u>See Motion for Attorneys Fees and Costs</u>, Attachment 1, <u>Affidavit of Carl R. Draper (Draper Affidavit)</u>; Attachment 2, <u>Affidavit of Shari R. Rhode</u>; Attachment 3, <u>Affidavit of Charles S. Watson</u>.  Defendants sought limited

discovery related to the $250.00 hourly rate sought by Attorney Draper. The Court allowed limited discovery in a Text Order, dated November 4, 2008, directing Attorney Draper to provide defense counsel with the following information for the time period from August 1, 2005, to the present, broken down by calendar year: counsel's standard hourly rate, the number of clients each year that he charged, and from whom he collected, $250.00 an hour, the number of clients each year who were charged a lesser rate and what that rate was, and the type of case work done in each instance.

Draper's disclosures reveal that Plaintiff paid $200.00 per hour for initial consultation and representation prior to entering into a contingency fee agreement in the instant litigation. <u>Objection to Attorney's Fee Petitions (d/e 76)</u>, Ex. A, <u>Disclosures Concerning Attorney's Fees</u>, p. 1. The disclosures show that from 2005 through the end of 2007, seventy-nine clients were billed at a rate of $200.00 per hour. In 2005, one client was billed at a rate of $250.00 per hour, nine clients were billed at a rate of $180.00 per hour, and one client was billed at a rate of $150.00 per hour. <u>Id</u>., p. 4-6. In 2006, all reported hourly billed clients were billed at a rate of $200.00 per hour. <u>Id</u>., p. 6-7. In 2007, one tax client was billed at a rate

of $180.00 and one other client was billed at a rate of $225.00. All other reported hourly billed clients for 2007 were billed at a rate of $200.00 per hour. Id., p. 7-8. In 2008, six clients were billed at a rate of $200.00 per hour, eight clients were billed a rate of $225.00 per hour, and six clients were billed at a rate of $250.00 per hour. Id., p. 8-9. Finally, the record reveals that Draper raised his standard hourly rate to $250.00 in June 2008, the month after Judgment was entered and the same month that the Motion for Attorneys Fees and Costs was filed. Id., p. 2.

It is clear from the record that the actual rate that Draper charged Plaintiff prior to entering into a contingency fee arrangement was $200.00 per hour. This rate is consistent with the rates that Draper charged other clients during the time this case was pending. This evidence supports the conclusion that Draper's market rate was $200.00. See Denius v. Dunlap, 330 F.3d 919, 930-31 (7th Cir. 2003). The Court need not consider the next best evidence, including evidence of the rates that similarly experienced attorneys in the community charge paying clients for similar work. While there was not a significant delay in the progression of the case through Judgment, the Court will award post-judgment interest on the attorney's fee award from May 28, 2008, the date on which Judgment was entered, until

it is paid, to account for the delay that resulted from Defendants' request for limited discovery on the attorney fee issue.  See Smith v. Village of Maywood, 17 F.3d 219 (7th Cir. 1994).

The Court turns next to Attorney Spencer's rate.  Plaintiff has submitted little information about Attorney Spencer.  The record evidence shows that she is an associate in Attorney Draper's firm.  Given the lack of information about her background and practice, the Court must assume that Spencer is not an experienced attorney.  A new attorney's services are more valuable than paralegal services, but not as valuable as the services of an experienced attorney, such as Attorney Draper.  The Court finds that the appropriate rate for Attorney Spencer is $110.00 per hour.

On the issue of the paralegal and law clerk billing rates, Plaintiff relies on ¶¶ 10 and 11 of the Draper Affidavit.  Draper avers that law firms in Central Illinois charge from $50.00 to $100.00 per hour for paralegal and law clerk services and that in his opinion $75.00 is the appropriate market rate for such services.  The Court has previously determined $75.00 to be a reasonable hourly rate for paralegal work in Springfield, Illinois.  Davis v. City of Springfield, 2008 WL 818331, *3 (C.D. Ill. March 20, 2008).  Under the circumstances of the instant case, the Court deems $75.00 to be

9

the appropriate hourly rate for paralegal and law clerk services.

In the Motion for Attorneys Fees and Costs, Plaintiff seeks fees for 176 hours billed by Attorney Draper, 7.3 hours of paralegal time, and 11 hours of law clerk time.  Motion for Attorneys Fees and Costs, Attachment 4, Sottoriva Fee Report.  Defendants raise various specific objections to the entries in the Sottoriva Fee Report.  Objection to Attorney's Fee Petitions, Ex. C, p. 1-21.  Defendants ask the Court to disallow a majority of the fees sought based on the assertion that the work related to claims upon which Plaintiff did not succeed.  The Court is not persuaded by this argument.  As set forth above, Plaintiff achieved partial success in that Defendants were enjoined from withholding any amount in excess of $17,982.47 without providing him with a further due process hearing.  The work on this claim was intertwined with Plaintiff's other claims such that the Court cannot easily separate out the time attributable to the successful claim.  Thus, the Court will not disallow fees on this basis.  The Court will, however, ultimately adjust the fee award to reflect the level of success.

Defendants challenge other fees for lack of documentation.  The Court has reviewed the challenged entries and deems them to be sufficiently detailed.  Many of the entries challenged for lack of documentation involve

conversations and correspondence between Attorney Draper and the Plaintiff or an Assistant Attorney General. It is not necessary in every instance for Plaintiff to indicate the subject matter of the conversations or correspondence, although the Court notes that the billing records often include notes as to the subject. Defendants challenge as insufficiently documented two billings, one for three hours which reads "Review discovery, prepare for depositions; Phone call to Zoe Newton re: deposition exhibits" and the second for two hours which reads "Review supplemental disclosures (500 pp) for depositions."[1]  See Objection to Attorney's Fee Petitions, Ex. C, p. 12; Sottoriva Fee Report, p. 10. When read in context, these entries contain sufficient detail. The Sottoriva Fee Report reveals that in the three days following the entries, six depositions were held.

Defendants also challenge an entry for half an hour of paralegal services dated February 23, 2006, which reads "Prepare Subpoena and Notice of Deposition for Don Motley."  Objection to Attorney's Fee Petitions, Ex. C, p. 3; Sottoriva Fee Report, p. 3. As Defendants correctly point out, this lawsuit was not filed until June 2006, and the discovery-

---

[1]The Court notes that the objection erroneously dates these billings as 3/3/07, when the Sottoriva Fee Report lists them as April 3, 2007.

related entry in February 2006, is misplaced.  While it appears from the fee report that this entry may be misdated, Plaintiff fails to offer any explanation.  Therefore, the Court sustains Defendants' objection and disallows the entry for half an hour of paralegal services dated February 23, 2006.

Defendants challenge other entries as secretarial and not properly recovered.  The Court has reviewed the documentation for these challenged entries and finds them to be allowable.  Defendants' objection on this basis is denied.  Finally, Defendants challenge five entries relating to Attorney Draper's preparation of the Motion for Attorneys Fees and Costs as "excessive hours."  Objection to Attorney's Fee Petitions, Ex. C, p. 18-21. These include the following: 3/27/08, .5 hour, "Begin analysis of fees for petition; email to Shari Rhode"; 4/23/08, .25 hour, "Review email and affidavit from Shari Rhode and reply"; 5/28/08, 1.25 hours, "Legal research 42 USC 1998 and Rule 54; Start Draft Petition for Attorney's Fees and Costs"; 6/9/08, 3.5 hours "Draft Motion for Attorney Fees; Draft Affidavit; Prepare fee listing exhibits"; and 6/11/08, 1 hour, "Prepared fee petition and client ledger for filing Review supporting affidavits."  Id.  Having reviewed the Motion for Attorneys Fees and Costs with attachments, the Court

deems the time sought to be reasonable.  Defendants' objection on the basis of excessive hours is overruled.  Therefore, in connection with the Motion for Attorneys Fees and Costs, the Court deems allowable 176 hours billed by Attorney Draper, 6.8 hours of paralegal time, and 11 hours of law clerk time.

Turning to the Supplemental Petition, the Court finds that Plaintiff is entitled to recover reasonable fees incurred in litigating the attorney fee request.  As the Court previously noted, Defendants responded to Plaintiff's original Motion for Attorneys Fees and Costs by requesting limited discovery, which the Court allowed.  The Supplemental Petition also seeks fees associated with the appeal that Defendants initially filed and then subsequently withdrew.   These circumstances necessitated additional attorney and paralegal time.  Plaintiff's Supplemental Petition seeks fees for 27.1 hours by Attorney Draper, 2.3 hours by Attorney Spencer, and 7.5 hours of paralegal time.  The Court finds these amounts to be reasonable and non-clerical in nature.  The Court will allow Plaintiff to recover for them, adjusted for the level of success that was achieved.

The Court must now consider whether and to what extent the level of success achieved by counsel should require an adjustment to the fees

awarded.  Plaintiff achieved partial success in that Defendants were enjoined from withholding any amount in excess of $17,982.47 without providing him with a further due process hearing.  Considering all of the claims originally filed by Plaintiff and the evidence submitted in connection with dispositive motions, the Court finds that the fee award should be reduced by sixty-seven percent to reflect Plaintiff's limited degree of success. Therefore, the allowable fees are as follows:

Attorney Draper:

203.1 hours x $200.00 = $40,620.00 x .33 = $13,404.60

Attorney Spencer:

2.3 hours x $110.00 = $253.00 x .33 = $83.49

Paralegal Services:

14.3 hours x $75.00 = $1,072.50 x .33 = $353.93

Law Clerk Services:

11 hours x $75.00 = $825.00 x .33 = $272.25

Thus, Plaintiff is awarded attorney's fees in a total amount of $14,114.27, with interest from May 28, 2008, until it is paid.

B.    COSTS

Plaintiff seeks an award of costs in the amount of $2,506.05.  See

<u>Sottoriva Fee Report</u>, p. 18.  Local Rule 54.1(B) provides as follows: "Bills of costs and supporting documentation may be filed in any format, but must include Form AO-133 as a summary."  As Defendants correctly note, Plaintiff failed to include Form AO-133.  Plaintiff has not proffered any justification for this failure.  Therefore, Plaintiff's request for costs is denied for failure to comply with this Court's Local Rules.

THEREFORE, Plaintiff Joseph Sottoriva's Motion for Attorneys Fees and Costs (d/e 61) and his Supplemental Motion for Attorney's Fees and Costs (d/e 74) are ALLOWED, in part, and DENIED, in part.  Plaintiff is awarded attorney's fees in the amount of $14,114.27 with interest from May 28, 2008, until it is paid.  The Motions are denied in all other respects. The Clerk is directed to file an amended judgment to reflect the award of attorney's fees.

IT IS THEREFORE SO ORDERED.

ENTER:   January 28, 2009

FOR THE COURT:

_____ s/ Jeanne E. Scott _____
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE