# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. SOTTORIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-3118 |
| | ) | |
| ROCCO J. CLAPS, Director of the | ) | |
| Illinois Department of Human Rights, | ) | |
| and DANIEL W. HINES, | ) | |
| Comptroller of the State of Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

This matter comes before the Court on remand from the Seventh Circuit Court of Appeals for further explanation of the award of attorney's fees in this case. Sottoriva v. Claps, 617 F.3d 971 (7th Cir. 2010). In accordance with the instructions from the Court of Appeals, the Court has carefully reviewed this matter and determines that Plaintiff Joseph A. Sottoriva is entitled to an award of attorney's fees in the sum of $14,114.27 for the reasons set forth below.

The facts of this case are set forth in this Court's Summary Judgment Opinion entered March 26, 2008 (d/e 52) (Summary Judgment Opinion) and the Court of Appeals' Opinion. Sottoriva, 617 F.3d at 972-74; Summary Judgment Opinion, at 2-20. Essentially, Sottoriva was employed by the Illinois Department of Human Rights (Department) and was also a member of the United States Army Reserve. In 2003 and 2004, Sottoriva was called up for active duty in the military and sent to Iraq. The state of Illinois had a policy of continuing to pay state employees who were called to active military duty. The state paid the employee his regular state pay and benefits minus his military pay. Sottoriva, 617 F.3d at 972.

The Department determined that it overpaid Sottoriva while he was on active duty. Initially,

the Department determined that Sottoriva was overpaid $17,982.47. Sottoriva grieved this determination through the Union grievance process. On May 23, 2005, the Union and the Department resolved the grievance by agreeing that Sottoriva owed the $17,982.47 in overpayments. On August 30, 2005, the Department notified Sottoriva that he actually owed $24,105.03. In May 2006, the Department began withholding money from Sottoriva's pay to collect the overpayment. Id. at 973-74.

In response, Sottoriva brought this action. Sottoriva alleged three counts. Count I alleged that his salary was being withheld without due process. Complaint (d/e 1), at 7-9. He sought an injunction prohibiting any withholding from his pay. Id. at 8-9. Count II sought money damages against Defendant Rocco Claps, Director of the Department, as a result of the due process violation. Id. at 9. Count III alleged that Claps violated the Illinois State Finance Act, 30 ILCS 105/9.06, and asked for his removal from office. Id. at 9-11.

This Court granted both parties partial summary judgment on Count I. Defendants received partial summary judgment because the Union grievance process provided Sottoriva with due process with respect to the determination that he owed $17,982.47 in overpayments; however, Sottoriva received partial summary judgment because the Department's attempt to recover more than that amount without another hearing violated Sottoriva's due process rights. The Court enjoined the Defendants from withholding more than $17,982.47 from Sottoriva's pay without first providing Sottoriva with a meaningful hearing. Sottoriva, 617 F.3d at 974. Sottoriva withdrew his Count II claim for damages on the day the trial was to begin. Id. This Court awarded Clap summary judgment on Count III because the claim was barred by the Eleventh Amendment. Id.

This Court then awarded Sottoriva $14,114.27 in attorney fees. Opinion entered January 28, 2009 (d/e 78) (Fee Opinion). This Court determined the appropriate hourly rate and the appropriate number of compensable hours for each attorney and assistant who worked on the matter. This

2

amount totaled $42,770.50. Id. at 14. The Court of Appeals affirmed these determinations. Sottoriva, 617 F.3d at 975-76. This Court then reduced this amount by 67 percent to reflect the limited degree of success. Fee Opinion, at 14. The Court of Appeals reversed and remanded this determination because this Court did not explain the basis for the reduction. Sottoriva, 617 F.3d at 977. The Court hereby provides the explanation.

Sottoriva's claims were all based on a common set of facts. Each related to the Department's efforts, and in particular Defendant Rocco's efforts, to withhold money from Sottoriva's pay. As a result, the work of the attorneys cannot be easily allocated to a specific claim. In such cases, the Court may determine the appropriate total attorney's fees incurred for all of the work performed and then reduce that amount to reflect the limited degree of success. Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

Sottoriva's claims were not all of equal importance. The injunction claim in Count I was the most significant part of the case. Sottoriva wanted to permanently stop the Defendants from withholding funds from his pay. Complaint, at 8-9. Counts II and III were not as significant. Count II sought damages from Claps. Complaint, ¶ 35. Sottoriva claimed that he suffered damages because he already paid income taxes on the overpayments, and also, the overpayments put him in a higher tax bracket. See Motion for Summary Judgment (d/e 44), attached Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, at 10, 12. He wanted to recover these losses from Claps personally as damages for the violation of his rights. The damages sought were significant, but more money was at issue in Count I. Count III was the least significant claim. Sottoriva did not seek anything personally from this claim; he only sought Claps' removal from office.

Sottoriva's attorneys secured only limited success. Sottoriva lost most of Count I. This Court determined that the Defendants could recover $17,982.47 of the $24,105.03 at issue from

Sottoriva's current salary. The Court also denied Sottoriva's prayer to permanently enjoin the Defendants from recovering the rest of the funds. The Court enjoined the Defendants from withholding more than $17,982.47 from Sottoriva's current salary without first providing Sottoriva with a meaningful hearing. The Defendants could recover more from Sottoriva if, after a meaningful hearing that met constitutional standards for due process, the Defendants determined that he owed more.

Sottoriva's limited success in Count I effectively foreclosed his ability to recover damages in Count II. This Court upheld the Defendants' right to recover $17,982.47 from Sottoriva's current salary. This Court found that Sottoriva received due process through the grievance process. Because Sottoriva received due process, his rights were not violated at that point. He, thus, suffered no damage from the Defendants' efforts to recover this amount from his pay. This Court further enjoined the Defendants from attempting to recover more than this amount without first providing Sottoriva with a meaningful hearing. This Court, thereby, prevented the Defendants from causing any damage to Sottoriva in the future. The lack of any damages may explain Sottoriva's decision to withdraw this claim before trial.

Sottoriva had no success on Count III. The claim asked the Court to provide a remedy for a state official's failure to comply with state law. Such claims are barred by the Eleventh Amendment. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984). Count III was the least important, but still, there was no success.

This Court determines that the limited success on the central claim, Count I, should result in a reduction in the fee award by more than fifty percent. As explained above, Sottoriva lost most of his primary claim: the Defendants may recover most of the money from Sottoriva's current salary, and the Defendants may recover more if, after a meaningful due process hearing, they determine that Sottoriva owes more. This very limited success on the primary claim merits a reduction in fee in

the range of 55 to 60 percent.  The fee award should be reduced further by the complete lack of success on Count II and III.  Sottoriva recovered no damages from Claps and failed to secure his removal from office.

After considering the limited success on Count I and the lack of success on Counts II and III, this Court finds that the fees incurred should be reduced by 67 percent.  This Court, therefore, adopts the calculation of fee award set forth in the Fee Opinion.  <u>Fee Opinion</u>, at 14.  The Court awards attorney's fees in the amount of $14,114.27.

THEREFORE, in accordance with the instructions of the Seventh Circuit Court of Appeals on remand, this Court awards attorney's fees to the Plaintiff Joseph A. Sottoriva in the sum of $14,114.27.  The Clerk is directed to file an amended judgment to reflect the award of attorney's fees.

ENTERED this   24th   day of November, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE