IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH A. SOTTORIVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-3118 |
| ) | |
| ROCCO J. CLAPS, Director of the ) | |
| Illinois Department of Human Rights, ) | |
| and DANIEL W. HINES, ) | |
| Comptroller of the State of Illinois, ) | |
| ) | |
| Defendants. ) | |

OPINION

This matter comes before the Court on Plaintiff Joseph A. Sottoriva's Plaintiff's Supplemental Motion for Attorney's Fees and Costs (hereinafter the Supplemental Fee Motion) (d/e 96). For the reasons stated below, the Supplemental Fee Motion is DENIED with leave to re-file.

FACTS

On June 7, 2006, state employee Joseph A. Sottoriva filed a three-count Complaint against Defendants Rocco J. Claps (Director of the Illinois Department of Human Rights) and Daniel W. Hines (Comptroller of the State of Illinois). Sottoriva sought to prevent wages from being withheld

1

until a pre-deprivation hearing occurred, damages for lost wages and to have Claps removed from office. See Complaint (d/e 1). The Defendants sought to withhold $24,105.03 from Sottoriva's pay because they claimed he had been overpaid by that amount. However, since the Defendants had not fully afforded Sottoriva due process when determining the amount he owed, the Court ruled that the Defendants could only recoup $17,982.47 of the $24,105.03 debt. See Opinion dated March 26, 2008. (Scott, J.) (d/e 52). The validity of the remaining $6,122.56 debt had to be proven. Id. Thus, the Court enjoined the Defendants from withholding the $6,122.56 until due process was satisfied. Id. The Court denied Sottoriva's attempt to remove Claps from office. Id.

The Court entered final judgment on May 28, 2008. See Judgment in a Civil Case (d/e 60). On June 11, 2008, Sottoriva's counsel filed a $47,878.55 fee petition with this Court pursuant to 42 U.S.C. § 1988. See Plaintiff's Motion for Attorneys Fees and Costs (d/e 61). The Court only awarded $14,114.27. See Amended Judgment in a Civil Case dated January 28, 2009 (d/e 79). Sottoriva appealed and the Seventh Circuit reversed and remanded for the Court to elaborate the basis for the $14,114.27 fee award. See Sottoriva v. Claps, 617 F.3d 971, 976-77 (7th Cir. 2010) (hereinafter

Sottoriva I).

On remand, this Court applied the relevant factors for assessing a fee award and again determined that Sottoriva's counsel was entitled to $14,114.27. See Second Amended Judgment dated November 24, 2010 (d/e 94). The Court reasoned that the fee was appropriate given that Sottoriva only succeeded on one of the three counts alleged in his Complaint -- and he had limited success on that one count. Id. After the Court issued the new $14,114.27 fee award, Sottoriva's counsel moved for $34,718.75 in additional attorneys' fees. See Supplemental Fee Motion dated December 6, 2010 (d/e 96). The $34,718.75 represents the fees, costs and expenses incurred during Sottoriva I.

The Defendants have objected. See Objection to Supplemental Fee Petition (d/e 103). Among other things, the Defendants contend additional fees are improper since Sottoriva was the appealing party; he obtained only a remand in Sottoriva I and no additional fees were awarded once the remand was concluded. See Objection to Supplemental Fee Petition, at pp. 11-12.

Subsequent to moving for the additional fees, Sottoriva's counsel appealed the Second Amended Judgment. See Notice of Appeal dated

December 22, 2010 (d/e 98). The case is docketed as Sottoriva v. Claps, et al., No. 10-3937 (7th Cir. 2010) (hereinafter Sottoriva II) (d/e 102).

ANALYSIS

Section 1988 allows a party to seek fees when the party prevailed on some portion of the merits of its civil rights claim and if the court has entered final judgment. See Farrar v. Hobby, 506 U.S. 103, 116-18, 113 S.Ct. 566, 575, 121 L.Ed.2d 494 (1992); see also, Fisher v. Kelly, 105 F.3d 350, 353 (7th Cir. 1997). Time spent litigating a fee application is typically compensable. See Bond v. Stanton, 630 F.2d 1231, 1235 (7th Cir. 1980). However, a district court may deny requests for "second-round" attorneys' fees if doing circumstances so justify. See Muscare v. Quinn, 680 F.2d 42 (7th Cir.1982).

In Muscare, a public employee sued his employer under 42 U.S.C. § 1983. The district court dismissed the employee's complaint, but the Seventh Circuit reversed that decision. The district court subsequently granted plaintiff some relief and awarded attorneys' fees. Defendant appealed the fee award and the Seventh Circuit reversed with directions to reduce the award. Thereafter, plaintiff sought additional fees for the time spent litigating his first fee petition. The frustrated district court denied the

4

additional fees and plaintiff appealed yet again. Id. at 43-44. The Seventh Circuit affirmed the denial of plaintiff's request for "second-round" fees, stating:

> For rather obvious practical reasons we are loath to disturb a ruling by a district judge on a request for second-round attorneys' fees. The consequence if we should reverse and remand for an award of additional fees is all too predictable: however little the plaintiff is awarded on remand he will move the district court to award him attorneys fees for the time spent in prosecuting this appeal, and if the district court denies his motion he will be back up here.

Id. at 44.

The Seventh Circuit concluded that "the district judge had discretion to deny the plaintiff's second fee request in its entirety." Id. The Court explained: "The exercise of discretion . . . gives the district judge great leeway. If the fee claims are exorbitant or the time devoted to presenting them is unnecessarily high, the judge may refuse further compensation . . . ." Id. at 45 (quoting Gagne v. Maher, 594 F.2d 336, 344 (2nd Cir.1979), aff'd, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)).

Although the Court has high regard for the law firm representing Sottoriva and knows its counsel to be reputable, the additional fees requested by counsel are troubling. Following the $14,114.27 fee award

5

that was entered upon remand in Sottoriva I, counsel tendered a $34,718.75 fee petition to recoup the appellate fees expended in Sottoriva I. With the pendency of Sottoriva II, appellate expenditures continue to mount, dwarfing the $14,114.27 fee award.

While the Court respects Sottoriva's right to vigorously pursue his appeal, it questions whether all of the related costs can be properly assessed against a non-appealing Defendant. Courts have long noted that the amount of one's recovery is an important point of reference when considering requests for appellate expenses. See Clymore v. Far-Mar-Co, Inc., 576 F.Supp. 1161, 1165 (W.D.Mo 1983)(stating "this court finds it inconceivable that anyone would pay an attorney approximately $17,000 to defend a judgment of $12,187.78 on appeal" before setting fee award at $4,210.61), citing Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 1940 (1983) ("Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority.")(emphasis in original). That bodes ill for Sottoriva. His cause is not aided by Muscare or the cases which follow that decision. See, i.e., Leffler v. Meer, 60 F.3d 369 (7th Cir. 1995).

At best, Sottoriva *may* be entitled to a fee award which reflects his

modest success in Sottoriva I. However, any such award will have to await the resolution of Sottoriva II. Deferring judgment until that time will allow all concerned to know the extent of Sottoriva's success. Total fees can thereafter be reduced to a single judgment (as opposed to possible multiple fee awards). Moreover, in the event the parties settle their dispute or the Seventh Circuit elects to fully resolve all fee issues, further delay will be avoided. If neither of these things come to pass, Sottoriva will be given leave to re-file a supplemental petition for fees and costs and the matter will be decided once Sottoriva II is resolved.

## CONCLUSION

THEREFORE, Plaintiff's Supplemental Motion for Attorney's Fees and Costs (d/e 96) is DENIED with leave to re-file once Sottoriva II is resolved.

ENTERED this 19th day of January, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE